IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHRISTOPHER LAMAR PATTERSON,  )
AIS #275030,                                                )
                                                                       )
      Plaintiff,                                      )
                                                                       )
   v.                                                          )      CASE NO. 3:12-CV-77-TMH
                                                                       )
MELVIN CLARK, Jail Administrator,        )
 et al.,                                                            )
                                                                       )
      Defendants.                                 )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Christopher Lamar Patterson ["Patterson"], a state inmate, challenges the constitutionality of medical treatment provided to him for an injury to his left thigh during his previous incarceration at the Macon County Jail in April of 2010.

Upon review of the complaint, the court concludes the plaintiff's claims against a Macon County commissioner and the Mayor of Macon County are due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II. DISCUSSION**

In the instant complaint, Patterson seeks to hold the county commissioner over the jail

---

[1] The court granted Patterson leave to proceed *in forma pauperis* in this case. *Order of January 27, 2012 - Doc. No. 3*. Despite Patterson's subsequent payment of the filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

and the Mayor of Macon County liable for the actions of jail personnel which occurred during the daily operation of the Macon County Jail.[2] Patterson is entitled to no relief from these individuals. "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.' *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (*citing Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998). Consequently, "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Id.* 1292. In deciding whether a county commission is liable under § 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-785, 117 S.Ct. 1734, 1736 (1997) (*quoting Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)). State law is well settled that "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail."

---

[2]Macon County, Alabama is governed by a five-member county commission and, therefore, does not have a mayor. Although the county may have a chairman for the county commission, any claims against this individual would likewise be subject to summary dismissal for the reasons set forth in this Recommendation. Thus, the court will address the plaintiff's claims against the defendants as named in the complaint.

*Turquitt*, 137 F.3d at 1288.[3]  As is clear from the foregoing, "Alabama sheriffs are not county policymakers in their daily management of county jails." *Turquitt*, 137 F.3d at 1292.  "For § 1983 liability to attach to a county [and/or its commissioners], the policy at issue must have been made by a person who exercises final authority on behalf of the county with respect to that policy.  *See McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736. Alabama law, however, clearly demonstrates that sheriffs possess only state policymaking authority when running the day-to-day affairs of a jail.  *See Turquitt*, 137 F.3d at 1291-92." *Vinson v. Clarke County*, 10 F.Supp.2d 1282, 1295-1296 (S.D. Ala. 1998).  Furthermore, a county commission and its individual members are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance and operation of a county jail.  *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998).  In light of the foregoing, the plaintiff's claims against the county commission defendants are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against a Macon County commissioner and the Mayor of Macon County be dismissed with prejudice prior to service of process pursuant to the

---

[3]Under all facets of Alabama law, a county sheriff acts as a state officer "when supervising inmates and otherwise operating the county jails." *Turquitt*, 137 F.3d at 1289; *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama" and as such "is not an employee of a county for the purposes of imposing liability on the county."); *Ala. Code* § 14-6-1 (a sheriff has "the legal custody and charge of the jail in his county and all prisoners committed thereto."); *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the sheriff's authority over the jail is totally independent of the [county commission].")

directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The aforementioned defendants be dismissed as defendants in this cause of action.

3.  This case, with respect to the allegations set forth against defendants Clark and Wayne, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before September 7, 2012, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 24th day of August, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE