IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHRISTOPHER LAMAR PATTERSON,     )
AIS #275030,                     )
                                 )
            Plaintiff,            )
                                 )
      v.                          )          CASE NO. 3:12-CV-77-WHA
                                 )                    [WO]
                                 )
MELVIN CLARK, et al.,             )
                                 )
            Defendants.           )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, Christopher Lamar Patterson ["Patterson"], an individual previously confined at the Macon County Detention Center, challenges an alleged delay in medical treatment provided for an infection on his left thigh. *Complaint - Doc. No. 1* at 3.  Patterson names Sheriff David Warren and Jail Administrator Melvin Clark as defendants in this cause of action. He seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.

The defendants filed a special report and supporting evidentiary materials addressing Patterson's claims for relief.  In these documents, the defendants deny that they acted with deliberate indifference to Patterson's medical needs or safety.  In addition, the defendants assert that the complaint is due to be dismissed, because prior to filing this cause of action Patterson failed to exhaust an administrative remedy available to him at the Macon County

Detention Center with respect to the claims presented in the complaint. *Defendants' Special Report - Doc. No. 27* at 7-9.  The defendants base their exhaustion defense on the plaintiff's failure to submit an inmate request form containing a grievance regarding the claims raised in the complaint and/or his failure to appeal any response received from jail staff with respect to verbal requests for medical treatment.

On August 22, 2012, the court provided Patterson an opportunity to file a response to the defendants' report in which he was advised to "specifically address the defendants' assertion[] that ... [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedy as required by 42 U.S.C. § 1997e(a) ... prior to filing this federal civil action." *Doc. No. 28* at 1 (footnote omitted).  On October 16, 2012, Patterson filed response to the defendants' report. *Doc. No. 35*.  In this response, Patterson alleges that he submitted written and verbal requests for medical treatment to unidentified jail personnel but concedes that he did not file an appeal when he received no responses to these requests. *Doc. No. 35* at 6 (The requirement in the detention center's grievance procedure that he file "a further, or different theory, (in this case appeal) ... create[s] a needless procedural bar.").  He also argues that the issue of exhaustion "is for the jury." *Id*. at 4.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment; instead it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir.

2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, __ Fed. Appx. __, 2014 WL 4693841, *3 (11th Cir. Sept. 23, 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies...."). Therefore, the court will treat the defendants' report as a motion to dismiss.

## II.  STANDARD OF REVIEW

In addressing the exhaustion requirement of 42 U.S.C. § 1997e with respect to exhaustion, the Eleventh Circuit has

> recognized that '[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis,* 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds,* 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk,* 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Eleventh Circuit has therefore determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed. Appx. 364, 366 (11th Cir. 2012). Based on the foregoing, the court will "resolve this issue first." *Id.*

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir.2008) (citing *Bryant,* 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)." *Myles*, 476 Fed. Appx. at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and

the parties have a sufficient opportunity to develop the record.  *Bryant*, 530 F.3d at 1376."
*Trias*, __ Fed. Appx at __, 2014 WL 4693841 at *4.  The Court likewise specifically
rejected the argument that "disputed facts as to exhaustion should be decided by a jury."
*Id*. at 3.

   Upon review of the complaint, the defendants' special report, the evidentiary
materials filed by the defendants and the plaintiff's response to the report, the court
concludes that the defendants' motion to dismiss is due to be granted.

### III.  DISCUSSION

   Patterson challenges a delay in medical treatment provided to him for an infection
in his leg during a prior term of incarceration at the Macon County Detention Center.  The
defendants deny Patterson's allegation of deliberate indifference and further maintain that
this case is subject to dismissal because Patterson failed to exhaust the administrative
remedy provided at the Macon County Detention Center prior to filing this complaint as
required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

   The Prison Litigation Reform Act compels exhaustion of available administrative
remedies before a prisoner can seek relief in federal court on a § 1983 complaint.
Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to
prison conditions under section 1983 of this title, or any other Federal law, by a prisoner
confined in any jail, prison, or other correctional facility until such administrative remedies
as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate

must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively

bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her.  548 U.S. at 83-84, 126 S.Ct. at 2382; *Bryant*, 530 F3d at 1378 ("To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement).  "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint."  *Smith v. Terry*, 491 Fed. Appx. 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed that the Macon County Detention Center provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure.  *Defendants' Exhibit G - Doc. No. 42-1* at 2-4.  The grievance procedure allows an inmate to submit grievances to jail personnel with respect to matters/conditions occurring at the detention center.  *Id*. at 2.  The relevant portion of the grievance procedure provides that an inmate may first file "an informal grievance by discussing the specific problem with a staff member.  Normally these informal grievances are filed verbally with staff having contact with the inmate during routine supervision.  Where and when possible, staff receiving the grievance may address the complained of condition directly.  Emergency grievances, in

which delay in handling could result in personal injury or other damages to the inmate, will be handled expeditiously.... If not resolved at the officer level, the grievance will be passed to the shift leader for action or subsequent referral." *Id*. at 3. Where the issue is not resolved through an informal grievance or the inmate chooses to forego filing an informal grievance, the inmate "may submit a written grievance to the grievance officer.... Formal grievances are filed in writing ... [and] [g]rievance forms ... will be made available to inmates upon request. A problem that results from a specific event or action must be presented ... within seven [7] days of the occurrence...." *Id*. All grievances are referred to the grievance officer for disposition and this officer will present his/her decision to the inmate "no later than [15] days after the grievance is received." *Id*. If the inmate is dissatisfied with the decision of the grievance officer, the inmate may appeal to the Jail Administrator. *Id*. at 4.

The evidentiary materials filed by the defendants demonstrate that Patterson failed to properly exhaust the administrative grievance procedure available at the Macon County Detention Center. Specifically, Patterson did not file a grievance and/or grievance appeal, respectively, regarding the claims made the basis of the instant complaint prior to filing this case. Patterson does not dispute his failure to submit an appeal from the denials of his requests and argues that any decision on whether he properly exhausted the administrative remedy should be addressed by a jury.

Patterson's assertion regarding the necessity of a jury trial on the exhaustion defense

is refuted by applicable Eleventh Circuit law. *Trias*, __ Fed. Appx at __, 2014 WL 4693841 at *3; *Turner*, 541 F.3d at 1082; *Bryant*, 530 F.3d at 1376. With respect to his failure to file an appeal in accordance with the grievance procedure, Patterson argues that his filing written request forms and making verbal requests for treatment constituted exhaustion of the grievance procedure.  In support of this assertion, Patterson maintains that days after he initially noticed the "swelling" and "twinge" in his thigh he submitted a written request for medical treatment to the jailer on duty and submitted a similar request form several days later. *Complaint - Doc. No. 1* at 3.  However, the evidentiary materials contained in the record demonstrate that Patterson's inmate file contains no written requests for medical treatment, and the defendants deny that they ever received these or any other request from Patterson with regard to a need for medical treatment for his thigh.  Patterson maintains that he received no response to these requests and acknowledges that he did not file a grievance regarding the failure of jail personnel to respond to his written requests for medical treatment. *Plaintiff's Response to the Defendants' Report - Doc. No. 35* at 6. Patterson further alleges that he subsequently made verbal requests for medical attention, which jailers ignored. *Id*. When jailers provided no response to his verbal requests, Patterson states that he became "angry [and] took a broken light fixture and started shattering the main window in A-Block" to gain the attention of the defendants. *Complaint - Doc. No. 1* at 3; *Plaintiff's Affidavit in Response to the Defendants' Report - Doc. No. 35-*

*1* at 1-2.

Thus, Patterson, by his own admission, did not file a written grievance addressing the failure to refer him for medical treatment pursuant to his alleged written requests. Furthermore, assuming *arguendo* that any verbal request for medical treatment constituted an emergency grievance, Patterson does not dispute his failure to file a grievance appeal when he did not promptly receive treatment pursuant to these request(s); rather, he argues that by merely making verbal requests he properly "availed himself of the grievance or remedy." *Plaintiff's Response to the Defendants' Report - Doc. No. 35* at 6. However, regardless of whether jail personnel failed to file the written requests for medical treatment or did not refer Patterson for medical treatment pursuant to his verbal requests, Patterson "was not relieved of his obligation to [initially file a written grievance and] an appeal" from the denial of his verbal grievances in accordance with the jail's grievance procedure. *Trias*, ___ Fed. Appx at ___, 2014 WL 4693841 at *5.

Finally, Patterson asserts that "to turn him back or away" for failing to exhaust the grievance procedure fully by submitting a grievance appeal "creat[es] a needless procedural bar." *Id*. This assertion is foreclosed by Supreme Court and Eleventh Circuit precedent which "makes [proper] exhaustion [under the Prison Litigation Reform Act] a precondition to filing an action in federal court." *Higginbottom*, 223 F.3d at 1261; *Woodford*, 548 U.S. at 83-84, 90-93, 126 S.Ct. at 2382, 2386-2387; *Bryant*, 530 F.3d at 1378; *Leal*, 254 F.3d

10

at 1279.

Based on the evidence contained in the record, the court finds that Patterson failed to exhaust the grievance procedure provided at the Macon County Detention Center properly.  Specifically, Patterson did not file a written grievance after submitting inmate request forms seeking medical treatment, and did not file a grievance appeal after receiving no response to his alleged verbal requests for treatment. In addition, Patterson has presented nothing to justify his failure to exhaust the jail's grievance procedure.

The pleadings filed by Patterson establish that he initiated this cause of action after his transfer to the state prison system.  It is therefore clear that Patterson's access to the grievance procedure ceased prior to the filing of this case and that the administrative remedy provided by the defendants is no longer available to him. Under these circumstances, dismissal with prejudice is appropriate.  *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him at the Macon County Detention Center prior to filing this federal civil action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Macon County Detention Center.

3. No costs be taxed herein.

It is further

ORDERED that on or before January 22, 2015, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down

prior to the close of business on September 30, 1981.

DONE, this 8th day of January, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE